**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
:
INTERNATIONAL UNION OF PAINTERS :
AND ALLIED TRADES DISTRICT :
COUNCIL 711 HEALTH & WELFARE, :
VACATION, and APPRENTICE FUNDS : Civil Action No. 08-674 (JAG)
and WILLIAM D. CANDELORI, JR., as :
Trustee and Fiduciary for DISTRICT : **OPINION**
COUNCIL 711 HEALTH & WELFARE, :
VACATION AND APPRENTICE FUNDS, :
:
Plaintiffs, :
:
v. :
:
J & C DEVELOPMENT GROUP, INC., :
:
Defendant. :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion for entry of default judgment (Docket Entry No. 5) against the defendant, J & C Development Group, Inc., ("Defendant"), by plaintiffs, International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Apprentice Funds (the "Funds") and William D. Candelori, Jr., as Trustee and Fiduciary for District Council 711 Health & Welfare, Vacation and Apprentice Funds, (collectively, "Plaintiffs"), pursuant to FED. R. CIV. P. 55(b)(2).  For the reasons stated below, this motion shall be granted, but judgment with respect to the amount of damages will be reserved.

1

# I. **FACTS**

Plaintiffs are International Union of Painters and Allied Trades District Council 711 Health & Welfare, Vacation and Apprentice Funds, a group of trust funds and employee benefit plans established and maintained, pursuant to the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. §§ 1002(1), (2) and (3), and William Candelori, a fiduciary for the group of trust funds, within the meaning of 29 U.S.C. § 1002(21)(A). (Compl. ¶¶ 3, 5.) Defendant, J & C Development Group, Inc., employs persons who are covered by the Funds' employee benefits plan. (Compl. ¶ 8.) Defendant is bound by the collective bargaining agreement between International Union of Painters and Allied Trades District Council 711 and J & C Development Group, Inc. (Compl. ¶¶ 8, 11.) Under the collective bargaining agreement, Defendant is required to make contributions to the Funds on behalf of Defendant's employees. (Compl. ¶ 11.)

Under the Employee Retirement Income Security Program, 29 U.S.C. § 1145, an employer who is party to a collective bargaining agreement is required to make payments, pursuant to the terms of that agreement. Between March and April 2006, Defendant failed to remit a sum of $2,294.38 in unpaid benefits, in violation of 29 U.S.C. § 1145 and the collective bargaining agreement. (Pl.'s Aff. Supp. Mot. Default J. ¶ 5.) Plaintiffs now request this Court to enter judgment in favor of Plaintiffs for an amount of $3,305.93, pursuant to 29 U.S.C § 1132(g)(2)(A).[1] (Pl.'s Aff. Supp. Mot. Default J. ¶ 6.)

---

[1] Plaintiffs calculated the amount of $3,305.93 by adding the unpaid contributions between March 2006 and April 2006 ($2,294.38), plus the interest calculated at 2% above the prime rate at 10.25% from April 28, 2006 to November 10, 2008 ($552.67), plus liquidated damages of 20% of the unpaid contributions ($458.88). (Pl's Aff. Supp. Mot. Default J. ¶ 6.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs the entry of default judgment. The Rule states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.

FED. R. CIV. P. 55(b)(2). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so,

however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### III. JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. § 1331. This action involves a federal question; namely, the interpretation of the ERISA statute, 29 U.S.C. § 1145 and 29 U.S.C. § 1132(g)(2), in determining the amount of payment due to Plaintiffs. This Court also has personal jurisdiction over Defendant, since Defendant has its principal place of business in New Jersey. (Compl. ¶ 9.) 28 U.S.C. § 1332(c)(1).

### IV. ANALYSIS

**A.  Default Judgment**

Defendant has failed to appear, or otherwise plead, in response to the Complaint, which was filed on February 5, 2008 and served on Defendant on May 28, 2008. (See Executed Summons for J & C Development Group, Inc., dated May 28, 2008.) Plaintiffs requested an entry of default by the Clerk of the Court before filing the instant motion. The Clerk entered

4

default on June 23, 2008. This Court finds that default judgment is appropriate, under FED. R. CIV. P. 55(b)(2), on all counts of the Complaint because Defendant failed to respond to the Complaint, despite having been served with the Complaint on May 28, 2008.

**B.    Damages**

Plaintiffs request that this Court enter judgment against Defendant for the amount of $3,305.93. The amount requested is calculated, pursuant to 29 U.S.C. § 1132(g)(2) and the Funds' Policy for Collection of Delinquent Contributions. Section 1132(g)(2) of Title 29 of the United States Code states that

> [T]he court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of--(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (2009). The Policy for Collection of Delinquent Contributions states: "Interest owed by a delinquent employer shall be calculated from the date that the Contributions became delinquent at 2% above the prime rate charged by the Funds' depository bank as of January 1, and July 1 (Interest Rate Determination Date), which interest rate shall remain in effect until the next Interest Rate Determination Date." Plaintiffs state that the interest to be charged on the unpaid contributions is "2% above prime rate (10.25%) from 4/28/06 to November 10, 2008;" however, it is unclear how Plaintiffs calculated or obtained an interest rate of 10.25%. Plaintiffs have not provided any details as to the prime rate that their depository bank charged or if their depository bank is a federal bank. Additionally, Plaintiffs fail to explain how an interest rate that

5

should have adjusted semiannually remained constant for a two and one half year period. Finally, Plaintiffs have not yet submitted an affidavit in support of their request for attorney's fees. Therefore, this Court will reserve judgment on the issue of damages at this time. Plaintiffs will be given fourteen days to submit documentation addressing the above concerns.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motion (Docket Entry No. 5) for default judgment is granted. This Court shall reserve judgment on the issue of damages until Plaintiffs submit an affidavit with documentation supporting its request for damages.

Date: April 20, 2009

      S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.